FILED
2018 Apr-20 PM 04:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
Northeastern Division

**SODECIA AUTOMOTIVE DETROIT CORP.,**

**Plaintiff,**

**v.**

**WHITESELL CORPORATION,**

**Defendant.**

5:18-cv-00632-MHH

**CASE NO.:** ________________

**COMPLAINT FOR TEMPRORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION, AND DECLARATORY JUDGMENT**

COMES NOW, Sodecia Automotive Detroit Corp. f/k/a Sodecia Automotive USA Corp. (hereinafter referred to as "Plaintiff" or "Sodecia"), by and through its undersigned counsel, and pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, submits the following as its Complaint for Temporary Restraining Order, Preliminary and Permanent Injunction, and Declaratory Judgment against Whitesell Corporation ("Defendant" or "Whitesell"):

## PARTIES

1. Plaintiff Sodecia Automotive Detroit Corp. f/k/a Sodecia Automotive USA Corp. is a Delaware corporation with its principal place of business in Roseville, Macomb County, Michigan.

2. Defendant Whitesell Corporation is an Alabama corporation with its principal place of business in Muscle Shoals, Colbert County, Alabama.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and the Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because the Defendant is located in and has its principal operations within the Northern District of Alabama.

## FACTS[1]

5. Sodecia Automotive Detroit Corp., a/k/a "Sodecia USA" ("Sodecia Detroit"), entered into purchase orders with Whitesell Corporation ("Whitesell") to produce three (3) parts, namely:

- Pin-weld
- Bolt-stake pin

---

[1] Attached hereto as Exhibit 1 is an Affidavit of Alexandre Vale setting forth the facts contained in this Complaint.

- Rod-exhaust hanger

and deliver to Sodecia facilities in Roseville, Michigan, and Center Line, Michigan for the GMT 610/300 Program to be installed into GM vehicles ("Parts"). The Purchase Orders for the Parts are attached hereto as Exhibit A. The Parts are used in the production of vehicle components that Sodecia Detroit manufactures for General Motors' automobiles.

6. All Whitesell prior invoices for Parts delivered to Sodecia Detroit pursuant to those purchase orders have been paid in full.

7. Whitesell has already produced the next Parts per a Sodecia Detroit Release which must be delivered to Sodecia no later than April 21, 2018, in order to avoid a shutdown of the GM production line.

8. Whitesell has advised that it will not deliver/release the necessary Parts, despite Sodecia Detroit's willingness to pay in full for the Parts prior to shipment or pick-up.

9. On or about April 10, 2018, Whitesell filed a civil action in the circuit court for Colbert County, namely 20-cv-2018-9000006-00, against Sodecia Automotive Auburn LP; Sodecia Automotive Detroit LP [sic]; and Sodecia Automotive North America, Inc., alleging, in essence, that every Sodecia entity is responsible for all parts produced under purchase orders with Whitesell despite

being separate and distinct entities and despite parts being unrelated and seeking in excess of one million dollars.

10. There remains a valid dispute between Sodecia Automotive Auburn LP ("Sodecia Auburn") and Whitesell regarding the purchase of cargo loops which is completely separate than the instant issue involving Sodecia Detroit and different Parts.

11. Whitesell is refusing to send the Parts for Sodecia Detroit, the cost of which totals approximately Thirteen Thousand Dollars ($13,000.00), in order to extract payment from Sodecia Auburn under a valid dispute in an amount in excess of one million dollars.

12. Sodecia Detroit, a separate and distinct entity from Sodecia Auburn, entered into different purchase orders with Whitesell for different parts and has paid in full for all Parts released under those purchase orders.

13. Whitesell is attempting to bind all entities together by refusing to release the Parts to Sodecia Detroit unless Sodecia Auburn enters into a new contract and pays in excess of one million dollars, which is in dispute.

14. General Motors ("GM") has advised that the Sodecia Detroit production line will be shut down as of April 21, 2018, if the parts produced by Whitesell are not received on that day. In addition, GM will charge Sodecia Detroit

a penalty in excess of $750,000.00 per day because of the failure to meet its supply obligations.

15. If Whitesell refuses to release the Parts and the line shuts down, Sodecia Detroit will be irreparably damaged. Sodecia Detroit will lose a substantial part of the GM business, employees will lose their jobs, and the Sodecia Detroit plant very likely will be forced to close due to the severe financial impact.

16. Sodecia Detroit offered to pay in advance for the Parts and stands ready to wire funds or hand deliver a check for payment in full for the Parts.

17. Whitesell will not incur any damages or hardship by releasing or delivering the Parts to Sodecia Detroit.

18. Sodecia Detroit is likely to prevail in this action because it has paid in full all invoices from Whitesell; it has no outstanding financial obligations to Whitesell, and Whitesell has no legitimate basis for not honoring the Sodecia Detroit Purchase Orders and releasing the Parts.

**COUNT I**
**(Temporary Restraining Order)**

19. Plaintiff repeats and reavers the foregoing paragraphs as if fully set forth herein.

20. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff seeks a Temporary Restraining Order (1) requiring the Defendant Whitesell Corporation to comply with purchase orders COO1734, COO1577, COO1484

between Sodecia Automotive Detroit Corp. a/k/a Sodecia USA and Whitesell Corporation and (2) prohibiting Defendant from ceasing to ship or deliver parts pursuant to the above-referenced purchase orders until such time as a ruling is entered on Plaintiff's Motion for Preliminary and Permanent Injunctions.

**COUNT II**
**(Preliminary Injunction)**

21. Plaintiff repeats and reavers the foregoing paragraphs as if fully set forth herein.

22. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff seeks a Preliminary Injunction (1) requiring the Defendant Whitesell Corporation to comply with purchase orders COO1734, COO1577, COO1484 between Sodecia Automotive Detroit Corp. a/k/a Sodecia USA and Whitesell Corporation and (2) prohibiting Defendant from ceasing to ship or deliver parts pursuant to the above-referenced purchase orders.

**COUNT III**
**(Permanent Injunction)**

23. Plaintiff repeats and reavers the foregoing paragraphs as if fully set forth herein.

24. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff seeks a Permanent Injunction (1) requiring the Defendant Whitesell Corporation to comply with purchase orders COO1734, COO1577, COO1484 between Sodecia

Automotive Detroit Corp. a/k/a Sodecia USA and Whitesell Corporation and (2) prohibiting Defendant from ceasing to ship or deliver parts pursuant to the above-referenced purchase orders.

**COUNT IV**
**(Declaratory Judgement)**

25. Plaintiff repeats and reavers the foregoing paragraphs as if fully set forth herein.

26. Pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff hereby seeks a judgment declaring the rights and legal obligations of the Plaintiff and Defendant as follows:

> Defendant Whitesell Corporation is required to comply with purchase orders COO1734, COO1577, COO1484 between Sodecia Automotive Detroit Corp. a/k/a Sodecia USA and Whitesell Corporation and prohibited from ceasing to ship or deliver parts pursuant to the above-referenced purchase orders.

27. A declaratory judgment is necessary to declare the rights, status and other legal relations of the parties with respect to matters as alleged herein.

WHEREFORE, Plaintiff requests that the Court enter a declaratory judgment declaring that Defendant Whitesell Corporation is required to comply with purchase orders COO1734, COO1577, COO1484 between Sodecia Automotive Detroit Corp. a/k/a Sodecia USA and Whitesell Corporation and prohibited from ceasing to ship or deliver parts pursuant to the above-referenced purchase orders. Plaintiff seeks all such further and additional relief as the Court deems appropriate.

Respectfully submitted on this the 20th day of April, 2018.

Brannon J. Buck (ASB-5848-K56B)
bbuck@badhambuck.com
Brett A. Ialacci (ASB-7679-E67I)
bialacci@badhambuck.com
Christopher Driver (ASB-9178-G39B)
cdriver@badhambuck.com
*Counsel for Plaintiffs*

OF COUNSEL:
BADHAM & BUCK, LLC
2001 Park Place North, Ste. 500
Birmingham, Alabama 35203
Phone: (205) 521-0036
Fax: (205) 521-0037

**PLEASE SERVE THE COMPLAINT FOR DECLARATORY JUDGMENT AND TEMPORARY RESTRAINING ORDER ON THE DEFENDANT AS FOLLOWS:**

WHITESELL CORPORATION
c/o Corporate Creations Network, Inc., Registered Agent
6 Office Park Circle #100
Mountain Brook, Alabama 35223

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served on the following via electronic mail and/or U.S. Mail on the 20th day of April, 2018:

David B. Block
Michael W. Rich
MAYNARD COOPER & GALE, P.C.
655 Gallatin Street SW
Huntsville, Alabama 35801
dblock@maynardcooper.com
mrich@maynardcooper.com

OF COUNSEL