FILED
2018 May-16  PM 05:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **SODECIA AUTOMOTIVE DETROIT CORP.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.5:18-cv-00632-MHH** |
| ) | |
| **WHITESELL CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## ANSWER

Defendant Whitesell Corporation makes the following answer to the allegations of Plaintiff Sodecia Automotive Detroit Corp.'s Complaint (Doc. 1) and states as follows:

## PARTIES

1.     Whitesell admits the factual allegations of this paragraph.

2.     Whitesell admits the factual allegations of this paragraph.

## JURISDICTION AND VENUE

3.     Whitesell admits the factual allegations of this paragraph.

4.     Whitesell admits the factual allegations of this paragraph.

1

## ALLEGATIONS

5.      Whitesell admits that certains open purchase orders exist for supply of the referenced parts to Sodecia Detroit.  Whitesell admits that Sodecia Detroit uses the referenced parts in the production of vehicle components for GM automobiles. Whitesell admits that, from time to time, it sells the referenced parts to Sodecia Detroit pursuant to separate and discrete releases.  To the extent this paragraph suggests or alleges that the referenced purchase orders constitute the open purchase orders or valid and enforceable contracts for the sale of goods, Whitesell denies such suggestion or allegation.  Whitesell denies the remaining factual allegations of this paragraph.

6.      Whitesell denies the factual allegations of this paragraph.

7.      Whitesell admits that, as of the filing of the Complaint, it had produced a quantity of the referenced parts.  Whitesell lacks sufficient information to admit or deny the remaining factual allegations of this paragraph, and therefore denies same.

8.      Whitesell admits the factual allegations of this paragraph.  Pursuant to the Court's orders, Whitesell has delivered the referenced parts to Sodecia Detroit.

9.     Whitesell admits that it filed a lawsuit in the Circuit Court of Colbert County, Alabama against Sodecia Detroit; Sodecia Automotive Auburn LP; and Sodecia Automotive North America, Inc.  Whitesell admits that the Circuit Court of Colbert County assigned that suit the case number 20-cv-2018-9000006.00. Whitesell disputes Sodecia Detroit's characterization of the allegations of that lawsuit, and denies the remaining factual allegations of this paragraph.

10.     Whitesell admits that there is a dispute between it and Sodecia Auburn regarding Sodecia Auburn's breach of a valid and enforceable requirements contract.  Whitesell denies the remaining factual allegations of this paragraph.

11.     Whitesell admits that, at the present time, it does not wish to continue to do business with the Sodecia conglomerate, including Sodecia Detroit, due to that conglomerate's multiple breaches of contract.  Whitesell denies the remaining factual allegations of this paragraph.

12.     Whitesell admits that Sodecia Auburn and Sodecia Detroit order parts pursuant to separate purchase orders.  Whitesell denies the remaining factual allegations of this paragraph.

13.     Whitesell admits that, at the present time, it does not wish to continue to do business with the Sodecia conglomerate, including Sodecia Detroit, due to

3

that conglomerate's multiple breaches of contract.  Whitesell denies the remaining factual allegations of this paragraph.

14.     Whitesell lacks sufficient information to admit or deny the factual allegations of this paragraph, and therefore denies same.

15.     Whitesell lacks sufficient information to admit or deny the factual allegations of this paragraph, and therefore denies same.

16.     Whitesell admits that it delivered the referenced parts to Sodecia Detroit and that Sodecia Detroit has paid for such parts.  Whitesell denies the remaining factual allegations of this paragraph.

17.     Whitesell denies the factual allegations of this paragraph.

18.     Whitesell denies the factual allegations of this paragraph.

## COUNT ONE—TEMPORARY RESTRAINING ORDER

19.     This paragraph contains no new factual allegations.  Whitesell incorporates its responses to the preceding paragraphs as if set forth in full here.

20.     To the extent that this paragraph makes any allegation of material fact, Whitesell denies such allegation.

4

## COUNT TWO—PRELIMINARY INJUNCTION

21.     This paragraph contains no new factual allegations.  Whitesell incorporates its responses to the preceding paragraphs as if set forth in full here.

22.     To the extent that this paragraph makes any allegation of material fact, Whitesell denies such allegation.

## COUNT THREE—PERMANENT INJUNCTION

23.     This paragraph contains no new factual allegations.  Whitesell incorporates its responses to the preceding paragraphs as if set forth in full here.

24.     Whitesell admits that Sodecia Detroit sought the relief it requested. Whitesell denies that it is or was entitled to such relief.

## COUNT FOUR—DECLARATORY JUDGMENT

25.     This paragraph contains no new factual allegations.  Whitesell incorporates its responses to the preceding paragraphs as if set forth in full here.

26.     Whitesell admits that Sodecia Detroit seeks the relief it requests. Whitesell denies that it is entitled to such relief.

27.     Whitesell admits that Sodecia Detroit sought the relief it requested. Whitesell denies that it is or was entitled to such relief.

Whitesell categorically denies that Sodecia Detroit is entitled to any relief whatsoever from this Court, whether legal, equitable, prospective, retrospective, or otherwise.

## AFFIRMATIVE DEFENSES

Whitesell asserts the following affirmative defenses to Sodecia Detroit's claims:

1.      Sodecia Detroit's Complaint fails to state a claim upon which relief can be granted.

2.      Sodecia Detroit is not entitled to equitable relief because it has an adequate remedy at law.

3.      Sodecia Detroit's claims fail because the subject Purchase Orders alone are unenforceable.

4.      Sodecia Detroit and Whitesell entered into individual and discrete contracts through Whitesell's issuance of quotations and Sodecia Detroit's acceptance of such quotations.

5.      Sodecia Detroit's claims are barred by Whitesell's Terms and Conditions.

6.      Sodecia Detroit's claims are barred by the Statute of Frauds.

7.      Sodecia Detroit's claims are barred by the doctrine of unclean hands.

8.      The alleged contracts at issue are illusory and lack consideration.

9.      Sodecia Detroit's claims are barred, in whole or in part, by its failure to mitigate its alleged harm.

10.     Sodecia Detroit's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and waiver.

11.     Sodecia Detroit's claims are barred by its own material breaches of the alleged contracts.

Date: May 16, 2018                          Respectfully submitted,


                                            /s/ Michael W. Rich
                                            David B. Block
                                            Will A. Smith
                                            Michael W. Rich
                                            Attorneys for the Defendants

**OF COUNSEL:**
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street SW                      1901 Sixth Avenue North
Huntsville, Alabama 35801                    Regions Harbert Plaza Suite 2400
Telephone: (256) 551-0171                    Birmingham, Alabama 35203
Facsimile: (256) 512-0119                    Telephone: (205) 254-1000
dblock@maynardcooper.com                     Facsimile: (205) 254-1999
mrich@maynardcooper.com                      wsmith@maynardcooper.com

## CERTIFICATE OF SERVICE

The foregoing was filed through the Court's Case Management/Electronic Case File system, which will send notice of the same to all counsel of record on this the 16th day of May 2018.

/s/ Michael W. Rich
Of counsel